UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRAVISE JOHNSON,

    Plaintiff,

v.

Case No. 3:25-cv-1239-TJC-PDB

JOHN DOE and J.B. HUNT
TRANSPORT, INC., A Foreign
Profit Corporation,

    Defendants.

## O R D E R

Even in the absence of a challenge, the Court has a duty to independently evaluate subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). On October 14, 2025, Defendant J.B. Hunt Transport, Inc. removed this case to federal court based on diversity jurisdiction. (Doc. 1). Under 28 U.S.C. § 1332(a), a district court's proper exercise of diversity jurisdiction requires that parties have complete diversity of citizenship and that the amount in controversy exceeds $75,000.00. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410–12 (11th Cir. 1999).

Here, the notice of removal alleges that the parties are citizens of different states—Plaintiff is a citizen of Florida, and Defendant J.B. Hunt Transport is a citizen of Georgia and Arkansas. (Doc. 1 ¶ 6(a)–(b)). Defendant John Doe, the

other driver in the accident at issue, has been sued under a fictitious name because his identity is currently unknown. (Doc. 8 at 3). As such, his citizenship "shall be disregarded" in determining whether a civil action is removable based on diversity jurisdiction. 28 U.S.C. § 1441(b)(1). The diversity of citizenship requirement is therefore satisfied. Whether the amount in controversy requirement has been satisfied is less clear.

When a case is removed to federal court, it is the defendant's burden to demonstrate that the amount in controversy is in excess of $75,000, exclusive of interest and costs. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Moreover, when a removing party relies on a state civil cover sheet as evidence of the amount in controversy, and the plaintiff asserts conclusory allegations typical of personal injury complaints, the defendant must point to some additional evidence which, taken together with the civil cover sheet, establishes the amount in controversy. See Martinez-Lopez v. Bowden, No. 3:23-cv-736-TJC-LLL, 2024 WL 1252381, at *3 (M.D. Fla. March 25, 2024). Typically, such evidence includes items like demand letters, medical bills, responses to requests for admission, or other similar documentation. Id.

Here, the state court complaint does not allege an amount in controversy, except to state that Plaintiff's damages exceed $50,000.00, exclusive of costs, interest, and attorneys' fees, and to vaguely describe his injuries. (Doc. 1-1 at 1–3). Defendant's notice of removal states that the amount in controversy is

2

satisfied, but the only support provided for that statement is Plaintiff's complaint alleging damages over $50,000.00, and that Plaintiff indicated on the Florida civil cover sheet that the estimated amount of his claim is between $75,000.01 and $100,000.00. (Docs. 1 at 3–4; 1-3 at 1). Consequently, Defendant failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. See Martinez-Lopez, 2024 WL 1252381 at *3. The Court requires more information before it can determine whether it has jurisdiction over the case. Accordingly, it is hereby

**ORDERED:**

No later than **November 21, 2025**, Defendant J.B. Hunt Transport shall file a jurisdictional supplement. If Defendant chooses not to do so, the case will be remanded sua sponte.

**DONE AND ORDERED** in Jacksonville, Florida the 31st day of October, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:
Counsel of record